**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NANCY DEVRIES, | Case No. SA CV 19-01499-DOC-DFM |
| Plaintiff, | |
| v. | FINAL JUDGMENT |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

In their Joint Submission Regarding Proposed Judgments (Dkt. 41), the parties proposed judgments and presented argument thereon. The Court has considered the parties' proposed judgments and arguments.

The Court agrees that Defendant may apply a reasonable offset to account for Plaintiff's estimated Social Security Disability Insurance benefits. As soon as Plaintiff's claim is reviewed and decided by the Social Security Administration, Defendant shall adjust the offset amount to match the SSDI determination (and shall remit the entire estimated offset amount to Plaintiff in the event her application for SSDI benefits is denied).

The Court agrees with Plaintiff that a motion for attorneys' fees should not be stayed. Although this will require an additional fees motion after Defendant appeals the Court's ruling, the Court finds that justice requires that Plaintiff be afforded the opportunity to file a motion for fees and costs notwithstanding Defendant's forthcoming appeal. Here, Plaintiff's need to recover fees, interest, and costs outweighs the Court's interest in the judicial efficiency of avoiding a single motion.

**IT IS THEREFORE ORDERED** that judgment is entered in favor of Plaintiff Nancy DeVries ("Plaintiff") and against Defendant Aetna Life Insurance Company ("Defendant") in accordance with the terms of the Court's June 17, 2020 Findings of Fact and Conclusions of Law (Dkt. 39). The Court finds that Plaintiff was disabled under the "own occupation" standard pursuant to the terms of the First American disability welfare benefit plan (the "Plan"), insured by a Group Policy issued by Defendant to First American (the "Group Policy"). The Court therefore reverses Defendant's denial of Plaintiff's claim for short-term and long-term disability ("STD" and "LTD," respectively) benefits under the Plan's "own occupation" standard. Defendant is ordered to pay past due STD and LTD benefits to Plaintiff for the 24-month "own occupation" period set forth in the Group Policy, up to December 28, 2018. Defendant is ordered to pay pre-judgment interest on past-due benefits owed to Plaintiff through the "own occupation" period. Plaintiff shall be entitled to recover attorneys' fees and costs through the "own occupation" period under the Group Policy. Plaintiff shall be entitled to recover attorneys' fees and costs.

Defendant is **ORDERED** to pay past-due benefits to Plaintiff for the "own occupation" period of the Plan in the amount of $81,556.45, subject to a reasonable offset to account for Plaintiff's estimated SSDI benefits. As soon as Plaintiff's claim is reviewed and decided by the Social Security Administration, Defendant shall adjust the offset amount to match the SSDI determination (and shall remit the entire estimated offset amount to Plaintiff in the event her application for SSDI benefits is denied).

The Court **REMANDS** Plaintiff's claim back to Defendant so that Defendant can determine whether Plaintiff is entitled to LTD benefits beyond December 28, 2018 under ERISA and pursuant to the terms of the Plan and the Group Policy's "any occupation" standard.

Plaintiff may apply to the Court for an award of attorneys' fees, pre-judgment interest, and recovery of costs within fourteen (14) days of the entry of this Final Judgment, pursuant to Local Rule 54-7.

**IT IS SO ORDERED AND ENTERED. JUDGMENT IS DEEMED ENTERED AS OF THE DATE BELOW.**

DATED:  August 10, 2020

_David O. Carter_

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE